# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KENNETH BRELSFORD MAHER, ET AL. | * | |
| | * | |
| v. | * | Civil No. – JFM-15-2256 |
| | * | |
| NATIONSTAR MORTGAGE LLC | * | |

******

## MEMORANDUM

Plaintiffs have brought this action alleging claims for detrimental reliance, alleged violations of the Maryland Consumer Protection Act ("MCPA") and violations of the Maryland Mortgage Fraud Protection Act ("MMFPA"). Defendant has filed a motion to dismiss. The motion will be granted.

I.

Plaintiffs first allege that defendant lacked the authority to foreclose upon their default upon nonpayment for the property located at 12806 Big Horn Drive, Silver Spring, Maryland 20904. The fallacy in this allegation is that the Circuit Court for Montgomery County, Maryland, ratified foreclosure of the property on April 21, 2014. Plaintiff's claim is therefore barred by the *Rooker-Feldman* doctrine. *See generally Plyler v. Moore*, 129 F.3d 728, 738 (4th Cir. 1997).

II.

Plaintiffs assert a claim for "detrimental reliance." They assert that a named representative of defendant promised them that defendant "would give a loan modification." They further assert that in reliance upon that representation they dismissed a bankruptcy proceeding they had filed, sold the primary place of their residence, terminated the lease of the

1

tenants occupying the property and made improvements to the property, moved on to the property, and purchase hazard insurance for the property.

It appears that the oral representation upon which plaintiffs rely is insufficient under the Maryland statute of frauds. Md. Code, Real Prop. § 5-104. In any event, the representation allegedly made to plaintiffs is far too general to support an action for promissory estoppel. It simply cannot be said that an alleged promise to "give a loan modification" is "a clear and definite promise," the first requirement for an action of promissory estoppel. *See Pavel Enters. V. A.S. Johnson Co.*, 342 Md. 143, 166, 674 A.2d 521, 532 (1996).

### III.

Plaintiffs' claims under the MCPA and the MMFPA fail for the same reasons. The representation allegedly made by a representative of defendant simply is insufficient to give rise to a claim for fraud in light of its general nature.

A separate order dismissing the complaint is being entered herewith.

Date: Apr 25, 2016

J. Frederick Motz
United States District Judge